480

# CIRCUIT COURT OF BUCKINGHAM COUNTY

Curtis Dixon Colgate et al.

v.

Gene Dixon, Jr., et al.

November 7, 2012

Case No. (Chancery) CH05-105

BY JUDGE H. THOMAS PADRICK, JR.

On October 9, 2012, this matter came to be heard on the Court's September 13, 2012. Order to Show Cause why Gene Dixon, Jr. ("Gene") and Guy Dixon ("Guy") should not be held in contempt of Court for violating the Court's Order Approving Settlement Agreement And Dismissal With Prejudice entered by the Court on May 1, 2007 (the "May 2007 Order"). Having considered the evidence, the written submissions of the parties, and the argument of counsel, and for the reasons stated from the bench, which are incorporated in this Order, the Court makes the following rulings.

1. The Court does not find Gene or Guy in contempt of court and does not find that Gene or Guy violated any term of the May 2007 Order.

2. Pursuant to this Court's continuing jurisdiction to resolve disputes arising under the parties' Settlement Agreement and Release as provided for in the May 2007 Order, Guy is removed as co-trustee of the Mallie McKnight Dixon Revocable Trust (the "Mallie Dixon Trust"). Barry Strickland and Company, Certified Public Accountants, shall serve as the sole Trustee of the Mallie Dixon Trust (the "Trustee").

3. Pursuant to Virginia Code §§ 64.2-759(C) and 64.2-792(B)(1), the Court compels Barry Strickland and Company, Certified Public Accountants, the sole remaining trustee, to perform the trustee's duties under the Mallie Dixon Trust.

4. In addition, pursuant to this Court's continuing jurisdiction to resolve disputes arising under the parties' Settlement Agreement and Release as provided for in the May 2007 Order, the Trustee is ordered to immediately pay the Indemnity Fees, $612,788.88, provided for in the Settlement Agreement and Release to Curtis Dixon Colgate and Sharon Newcomb, $306,394.44 each. The parties are ordered to indemnify and hold the

Trustee harmless should there be any debts that are revealed in the future. The Court will consider any indemnity issues if they arise.

5. The Court denies Plaintiffs' request to remove Gene as the Executor of the Estate of Mallie Dixon ("Mallie's Estate"). The Court orders Gene (1) to file Debts and Demands relating to Mallie's Estate and to request a show cause order from the Court regarding the distribution of Mallie's Estate, and (2) to close Mallie's Estate.

6. Plaintiffs' request to remove Gene as general partner of Hampton, Limited Partnership, and Phenix, Limited Partnership, is denied.

7. Plaintiffs' request for an accounting of Phenix, Limited Partnership, and Hampton, Limited Partnership, is denied.

8. Plaintiffs' request to dissolve Phenix, Limited Partnership, and Hampton, Limited Partnership, is denied.

9. The Court will consider a request by the parties for attorneys' fees at a future hearing.

It is so ordered. The Clerk is instructed to send a copy of this Order to all counsel of record.